NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DAVID SELLOW**<br><br>      Petitioner,<br><br>v.<br><br>**ROY L. HENDRICKS, et al.**<br><br>      Respondents. | 04-CV-943 (WJM)<br><br><br><br>OPINION |

David Sellow #284692
SBI # 000128764B
New Jersey State Prison
P.O. Box 861
Trenton, New Jersey 08625
*Pro Se*

Lora Dafna Bender Glick
LBG(1542)
Deputy Attorney General
Division of Criminal Justice
Appellate Bureau
P.O. Box 086
Trenton, New Jersey 08625
*Counsel for Respondents*

**MARTINI, U.S.D.J.**

   This matter comes before the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 by David Sellow ("Petitioner"), a prisoner currently confined at New Jersey State Prison, Trenton, New Jersey.  The Respondents are Roy L. Hendricks and Peter C. Harvey. For the reasons stated herein, the Petition must be **DISMISSED** as untimely and no certificate of

appealability will issue.

## PROCEDURAL HISTORY

On March 6, 1995, Petitioner was indicted on three counts by a Passaic County Grand Jury for murder under N.J.S.A 2C: 11-3a (1) and (2), for possession of a firearm for an unlawful purpose under N.J.S.A. 2C:39-4a, and for unlawful possession of a handgun without a permit under N.J.S.A. 2C:39-5b. (Pb. at 1.)[1] On July 17, 1996, Petitioner was convicted on all three counts; and on September 13, 1996, New Jersey Superior Court Judge Marmo sentenced Petitioner to an aggregate of life in prison with a 30 year parole ineligibility. (Pb. at 2; Rb. at 2.[2])

Petitioner moved for federal habeas relief in U.S. District Court for the District of New Jersey on or about January 3, 1997. That petition was denied by Judge John W. Bissell on March 3, 1997, for failure to exhaust state remedies. (Pb. at 3.)

Petitioner appealed his conviction, and the Superior Court of New Jersey Appellate Division affirmed on December 7, 1998; the New Jersey Supreme Court denied Petitioner certification on February 24, 1999. (Rb. at 4-5.) Petitioner filed *pro se* for post-conviction relief ("PCR")[3] on February 3, 2000, claiming: insufficient evidence supported Petitioner's arrest and indictment; inadequate evidence was presented to the Grand Jury which resulted in an erroneous conviction; the Grand Jury proceedings deprived Petitioner of a fair trial; the State deprived Petitioner of important exculpatory evidence; the trial court failed to properly instruct the jury;

---

[1] The designation "Pb." refers to Petitioner's February 27, 2004 brief.

[2] The designation "Rb." refers to Respondents' August 23, 2004 Answer to Petitioner's February 27, 2004 Habeas Petition.

[3] PCR is "New Jersey's analogue to the federal writ of habeas corpus." *State v. Preciose*, 129 N.J. 451, 459 (1992)

the prosecution intentionally used false and perjured testimony to obtain an indictment against Petitioner; and that Petitioner was denied effective assistance of counsel.  (Pb. at 4, 13-14; Mar. 13, 2001 Brief for PCR at i-ii,1.)

The Superior Court of New Jersey, Law Division, denied the PCR on March 30, 2001; the Appellate Division affirmed on October 6, 2002, and the New Jersey Supreme Court denied certification on February 28, 2003.  (Rb. at 7-9, 45; Pb. at 5; Nov. 6, 2002 PCR Letter Petition for Certification.)

Petitioner filed the instant petition for habeas corpus relief on February 27, 2004 pursuant to 28 U.S.C. § 2254, and the court issued a Mason order on March 10, 2004 to which Petitioner had 45 days to respond.  *See Mason v. Meyers*, 208 F.3d 414, 417 (3d Cir.2000).  Respondent replied on August 16, 2004 and their answer was filed on August 23, 2004; there is no evidence that Petitioner issued a response.

## PETITIONER'S CLAIMS[4]

> 1)  Petitioner's 4th, 6th, and 14th Amendment rights were violated because the trial Court failed to suppress both a statement (which the prosecution used to indict Petitioner) and the results of an atomic absorption test which was obtained by Petitioner's illegal detention;
>
> 2)  The introduction of crime evidence at trial resulted in an erroneous indictment in violation of the 14th amendment;
>
> 3)  The use of false and perjured testimony which was presented to the Grand Jury violated the 5th, 6th and 14th Amendments;
>
> 4)  Petitioner received ineffective assistance of trial and appellate counsel which violated Due Process, Equal Protection, and Petitioner's right to a fair trial;

---

[4] The petitioner is *pro se*, and the Court has done its best to characterize his claims as intended, although some appear duplicative.

>   5) The trial court erroneously admitted expert testimony and the results of the atomic absorption test into evidence which caused undue prejudice and jury confusion in violation of the 6th and 14th Amendments;
>
>   6) The State failed to obtain Petitioner's case prints, and timely examine and preserve evidence, in violation of the 6th and 14th Amendments;
>
>   7) The trial court's ruling led to jury confusion and undue prejudice in violation of the 6th and 14th Amendments;
>
>   8) The trial court erroneously denied Petitioner's PCR and denied an evidentiary hearing to assess ineffective assistance of counsel claims;
>
>   9) Insufficient Evidence lead to Petitioner's erroneous conviction in violation of Due Process and thus, such charges should have been dismissed.

Pb. at ¶ i-ii.

## STANDARD OF REVIEW

A federal court must consider a writ of habeas corpus when Petitioner claims to be "in custody in violation of either the Constitution or laws of the United States." 28 U.S.C. § 2254. However, a habeas petition may be denied on procedural grounds for failure to apply within the statute of limitations and failure to exhaust state remedies. *See Dozier v. Hendricks*, No. Civ.A. 03-4153, 2005 WL 2979636, at *3 (D.N.J., Nov. 7, 2005); *see also Toulson v. Beyer*, 987 F.2d 984, 987 (3d Cir. 1993). Furthermore, a district court may evaluate, with no further notice to the parties, a properly asserted statute of limitations opposition to a habeas petition. *See Day v. McDonough,* 126 S.Ct. 1675 (2006).

Finally, the Court acknowledges that a *pro se* pleading is held to less stringent standards than formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v.*

*Kerner*, 404 U.S. 519, 520 (1972). Therefore, a *pro se* habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998).

## DISCUSSION

Having reviewed all pleadings and the relevant statutes and case law, the Court finds that Petitioner's habeas petition must be **DISMISSED** as untimely and no certificate of appealability will issue.

**A.** **Timeliness**

The limitations period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part that:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Clearly, Petitioner's habeas petition is time-barred absent equitable tolling. Petitioner had one-year to file his habeas petition after his conviction became final on May 25, 1999, the end of the 90-day period in which Petitioner could have petitioned the United States Supreme Court for a writ of certiorari. *See* 28 U.S.C. § 2244(d)(1); U.S. Sup. Ct. R. 13.; *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999); *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000). The statute of limitations then ran for 254 days until Petitioner filed for PCR on February 3,

5

2000.  (Rb. at 45.)  *See Delchristo v. MacFarlan*, No.Civ.A. 07-2545(RBK), 2006 WL 561928 at *2 (D.N.J. Mar. 3, 2006.) ("The time between the conclusion of direct review and the filing of a state PCR motion is counted towards the one-year limitations period.")  The statute of limitations then tolled until the New Jersey State Supreme Court denied Petitioner's PCR on February 28, 2003.  (Rb. at 45.)  28 U.S.C. § 2244(d)(2).  *See Swartz v. Meyers*, 204 F.3d at 420-24; *Johnson v. Hendricks*, 314 F.3d 159, 161-2 (3d. Cir. 2002) (time to petition for certiorari to United States Supreme Court from denial of a PCR does not toll the limitations period, nor does the limitations period begin anew after final adjudication on the PCR.)

Therefore, Petitioner then had 111 days, until June 19, 2003, in which to file his habeas petition; however he did not file the present petition until February 27, 2004, which was 253 days after the limitations period expired.  (Rb. at 45-46.)  *See also Cordero v. Hendrick*, No.Civ.03-0789(KSH), 2006 WL 182082 at *3 (D.N.J. Jan. 24, 2006) (although Petitioner had 82 days remaining in his limitations period after PCR proceedings ended, habeas petition was untimely filed nine months late.)

Further, although the statute of limitations is subject to equitable tolling, in the instant case, equitable tolling does not apply.  *See Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001). Equitable tolling should be applied when (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; or (3) the petitioner timely asserted his rights in the wrong forum.  Furthermore, the petitioner must show that he exercised reasonable due diligence in investigating and bringing claims.  *See id.*; *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  Moreover, the Third Circuit holds that, in non-capital cases, attorney error, inaction, miscalculation, inadequate research, or other mistakes are not the

extraordinary circumstances necessary to establish equitable tolling.  *See Fahy*, 240 F.3d at 244; *Johnson v. Hendricks*, 314 F.3d at 163.  Petitioner here has demonstrated no evidence of either due diligence or extraordinary circumstances in favor of equitable tolling.

Finally, even if Petitioner was ignorant as to the proper limitations period, ignorance or misreading of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing.  *See Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999); *Delaney v. Matesanz*, 264 F.3d 7, 15 (1st Cir. 2001); *Jones*, 195 F.3d at 159-60.

Therefore, because Petitioner failed to file a timely petition and does not qualify for equitable tolling, the Court is precluded from reviewing this petition for habeas corpus relief.  Since the petition is barred under § 2244(d)(1), it will be **DISMISSED.**

**B.**     **Certificate of Appealability**

The Court next must determine whether a certificate of appealability should issue.  *See* Third Circuit Local Appellate Rule 22.2.  The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

When a court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the petitioner must demonstrate that jurists of reason would find it debatable:  (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the district court was correct in its procedural ruling.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Id.*

For the reasons discussed above, this § 2254 habeas petition is clearly time barred. The Court also is persuaded that reasonable jurists would not debate the correctness of this conclusion. Consequently, a certificate of appealability will not issue.

## CONCLUSION

For the foregoing reasons, the Court finds that this petition for a writ of habeas corpus under 28 U.S.C. § 2254 is time barred pursuant to 28 U.S.C. § 2244(d)(1); and the Court will **DISMISS** the petition accordingly. No certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c)(2). An appropriate order follows.

s/ William J. Martini
**William J. Martini, U.S.D.J.**

Date: August 4, 2006